**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**NHL ENTERPRISES, L.P.,**

    Plaintiff,

v.

**THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",**

    Defendants.

Case No. 25-cv-14687

Judge Joan Humphrey Lefkow

Magistrate Judge Gabriel A. Fuentes

**DEFENDANT TROPHYDOG.CLUB'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

**<u>INTRODUCTION</u>**

Defendant trophydog.club ("Defendant") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff's Complaint for lack of personal jurisdiction. Plaintiff's only purported basis for jurisdiction over Defendant is a single test-buy placed by Plaintiff's own investigator—an order for the accused product using an Illinois shipping address, for which payment was submitted through an automated third-party processor, but which was never fulfilled, never shipped, and never delivered. The accused product never left Defendant's possession. It never entered the State of Illinois. No Illinois consumer ever purchased, received, or was exposed to the allegedly infringing product.

These facts compel dismissal. Defendant, a Chinese e-commerce operator, is not subject to general jurisdiction in Illinois—it is not "essentially at home" in this forum under *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Nor is Defendant subject to specific jurisdiction. This Court's own decision in *Watchworks, Inc. v. Total Time, Inc.*, 2002 WL 424631 (N.D. Ill. Mar. 19, 2002) (Lefkow, J.), held that investigator-initiated purchases do not establish personal jurisdiction—

even where the products were actually delivered. The Seventh Circuit's decision in *Liu v. Monthly,* 2026 WL 880018 (7th Cir. Mar. 31, 2026) confirms that a checkout page and payment processing, without an actual completed sale in the forum, are insufficient. And *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385 (7th Cir. 2020), establishes that merely operating an accessible website  is insufficient, standing alone, to establish personal jurisdiction. This case should be dismissed.

## FACTUAL BACKGROUND

### A.  Procedural History

This is a Schedule A trademark infringement action. Plaintiff NHL Enterprises, L.P. filed its Complaint on December 4, 2025. On December 5, 2025, this Court entered a Temporary Restraining Order [Dkt. 24] and subsequently a Preliminary Injunction Order [Dkt. 34], freezing Defendant's financial accounts and prohibiting Defendant from selling, distributing, or disposing of any Accused Products or assets. Plaintiff's expedited discovery requests—ten interrogatories, ten document requests, and nineteen requests for admission—were served on December 15, 2025, simultaneously with the TRO package, with responses required within three business days.

Defendant retained undersigned counsel on March 19, 2026. On April 2, 2026, Defendant filed a Motion to Withdraw Deemed Admissions pursuant to Federal Rule of Civil Procedure 36(b) [Dkt. 51] and a Motion to Stay Discovery Pending Resolution of Defendant's Jurisdictional Challenge [Dkt. 53]. On April 3, 2026, this Court granted both motions. [Dkt. 55]. This Court granted the Motion to Withdraw Deemed Admissions in full and stayed Defendant's time to respond to Plaintiff's Requests for Admission pending disposition of this Motion to Dismiss. This Court likewise granted the Motion to Stay Discovery in its entirety, pending

disposition of this Motion to Dismiss. This Court further directed Defendant to file its Motion to Dismiss by April 9, 2026, set Plaintiff's response deadline for April 23, 2026, and Defendant's reply deadline for April 30, 2026. [Dkt. 55].

**B. The Sole Transaction at Issue**

Defendant operates an independent e-commerce website, trophydog.club. Defendant is a Chinese e-commerce seller with no physical presence, offices, employees, property, or general business ties to the State of Illinois or the United States. *See Jin Decl.* ¶¶ 3–5.

In July 2025, Plaintiff's investigator placed an order for the accused product—a 2023 Vegas Golden Knights NHL item priced at $44.98 plus $8.00 shipping—using an Illinois shipping address and submitted payment of $56.58 through PayPal. PayPal is an independent third-party payment processor; the payment was processed automatically by PayPal's systems without any human intervention by Defendant. Defendant did not review, approve, or take any action in connection with the processing of this payment. *See Jin Decl.* ¶¶ 6–9.

The order was never fulfilled. It was flagged by Defendant's internal order review process and placed in "Shelved" status with the notation "No logistics method selected." No further action was taken on the order. The accused product was never picked, packed, or tendered to any carrier. It never entered the State of Illinois. *Jin Decl.* ¶¶ 10–15, Exs. A-B.

Defendant's records reflect zero completed sales of the accused product to any buyer in Illinois or anywhere else in the United States. The sole order for the accused product, which is the investigator's test-buy at issue here, was never fulfilled. *Jin Decl.* ¶¶ 16–17, Ex. B.

**C. Defendant's Absence of Illinois Contacts**

Defendant has never: maintained offices, employees, or property in Illinois; been incorporated or registered to do business in Illinois; paid taxes in Illinois; maintained bank accounts in Illinois; directed advertising specifically at Illinois consumers; or shipped the accused product to any Illinois address. *Jin Decl.* ¶¶ 3–5.

## LEGAL STANDARD

On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 911 (7th Cir. 2015).

Since the Lanham Act does not provide a federal rule for personal jurisdiction, the Court looks to Illinois law. *Liu,* 2026 WL 880018, at *2 (citing *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022)). Illinois's long-arm statute extends jurisdiction to constitutional limits, 735 Ill. Comp. Stat. 5/2-209(c), so the inquiry reduces to a due process analysis. Personal jurisdiction may be general or specific. Neither is present here.

## ARGUMENT

### I.  This Court Lacks Personal Jurisdiction Over Defendant.

As a threshold matter, Plaintiff cannot satisfy even the statutory requirements of Illinois's long-arm statute. No tortious act was committed in Illinois within the meaning of 735 Ill. Comp. Stat. 5/2-209(a)(2), because no infringing product was sold, delivered, or distributed in the state. No transaction of business occurred in Illinois, *id.* § 2-209(a)(1), because the sole order was never fulfilled. But because the long-arm statute is coextensive with constitutional limits, the Court need not separately analyze the statutory prongs, and the analysis below addresses the due process inquiry directly.

## A. Defendant Is Not Subject to General Jurisdiction in Illinois.

General jurisdiction over a corporation exists only where the defendant's contacts with the forum are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm" bases for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" may a corporate defendant be subject to general jurisdiction elsewhere. *Id.*

This is not an exceptional case. Defendant is incorporated and operates in China. It has no offices, employees, property, bank accounts, agents, or registration to do business in Illinois, and has never paid taxes there. Jin Decl. ¶¶ 3–5. Defendant has no continuous and systematic contacts with Illinois—let alone contacts sufficient to render it "essentially at home" there. General personal jurisdiction is plainly absent. *See Liu*, 2026 WL 880018, at *2 ("[T]here is no contention that the defendants are subject to general personal jurisdiction in Illinois.").

## B. Defendant Is Not Subject to Specific Jurisdiction in Illinois.

For specific personal jurisdiction, three requirements must be met: (i) the defendant purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (ii) the plaintiff's alleged injury arises out of the defendant's forum-related activities; and (iii) jurisdiction comports with traditional notions of fair play and substantial justice. *Liu*, 2026 WL 880018, at *2 (citing *NBA Props.*, 46 F.4th at 623). None of these elements is satisfied here.

**1. Operating an Accessible E-Commerce Website Does Not Establish Purposeful Availment.**

The Seventh Circuit has held unequivocally that a defendant may not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Liu*, 2026 WL 880018, at \*3 (quoting *Curry*, 949 F.3d at 400). This is true "even if the website is 'highly interactive' and capable of accepting orders that would ship to customers in the forum state." *Id.* (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799, 801 (7th Cir. 2014)). "More is required to establish purposeful action by the defendant and thus personal jurisdiction." *Id.*

In *Advanced Tactical Ordnance Sys.*, the Seventh Circuit declined to find jurisdiction despite the defendant maintaining an interactive website specifically capable of accepting orders from Indiana citizens. The ability to receive forum-state orders is not equivalent to purposefully availing oneself of the forum's market. *See Advanced Tactical Ordnance Sys.*, 751 F.3d at 799. That holding directly controls here.

Plaintiff's contention that Defendant did not affirmatively exclude Illinois as a shipping destination does not alter the analysis. The absence of a geographic exclusion is not purposeful availment. *Curry* requires affirmative steps to enter the forum's market. 949 F.3d at 400. Defendant took no such steps with respect to the accused product.

**2. The Investigator's Test-Buy Does Not Constitute a Completed Sale in Illinois.**

The Seventh Circuit's decision in *Liu* is directly on point and controls this case. In *Liu*, the court vacated a default judgment and remanded with instructions to dismiss where the district court's only jurisdictional evidence consisted of "screenshots of Walmart's website showing the

checkout page with the infringing product, a Chicago shipping address, and the estimated total, but not a completed purchase." 2026 WL 880018, at *2. The court held that such evidence showed "only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place." *Id.* "Without those sales," the court found, the basis for jurisdiction was "merely that the defendants operated online stores accessible in the United States, which offered shipping to the United States," and "more is required." *Id.* at *3.

The present case is even more favorable to Defendant than *Liu* was to the defendants there. In *Liu*, the plaintiff's jurisdictional evidence lacked even a completed payment. Here, although PayPal automatically processed a payment through its third-party system, the accused product was never shipped. No infringing goods entered Illinois. The Seventh Circuit's controlling inquiry under *Liu* is whether a sale "took place" in the forum, measured by whether goods were shipped to and received in the forum. *Id.* at *2. They were not.

Plaintiff may argue that the completed PayPal transaction distinguishes this case from *Liu*. But this misunderstands the jurisdictional inquiry. The controlling question is not whether a third-party payment processor recorded a transaction; it is whether Defendant purposefully availed itself of the Illinois market through commercial activity directed at the forum. *See Curry*, 949 F.3d at 400. A payment processed automatically by an independent third-party payment processor without any human action by Defendant and followed by non-fulfillment is a platform artifact, not a consummated commercial act directed at Illinois. What matters under *Liu* is what Defendant directed toward Illinois: no product, no service, no delivery. Illinois received nothing.

Plaintiff will also likely rely on *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). That case is distinguishable on its central fact. Jurisdiction in *NBA Properties* was grounded in the defendant having "avail[ed] itself of the Illinois market in offering and shipping

a product to the forum." *Id.* at 627. The Seventh Circuit's holding rested on actual shipment and delivery to Illinois. *Id.* at 622–23. No shipment or delivery occurred here. *NBA Properties* therefore supports Defendant, not Plaintiff: it defines the threshold of "offering and shipping" that Defendant never crossed.

### 3. The Investigator's Purchase Constitutes Manufactured Jurisdiction.

This Court addressed substantially identical circumstances in *Watchworks, Inc. v. Total Time, Inc.*, 2002 WL 424631 (N.D. Ill. Mar. 19, 2002) (Lefkow, J.), and dismissed for lack of personal jurisdiction. In *Watchworks*, a plaintiff's investigator used the defendant's website and toll-free number to purchase two watches and have them shipped to Illinois. The watches were actually delivered. This Court nonetheless dismissed, finding that the investigator purchases reflected "the dilemma of manufactured jurisdiction" and that "there simply is no hard evidence that in fact defendant has done business in Illinois." 2002 WL 424631, at *8. Throughout the defendant's thirteen-year history, it had shipped only two items to Illinois—both to the investigator.

The present case presents even stronger grounds for dismissal than *Watchworks*. There, the accused products were actually delivered to Illinois. Here, the accused product was never shipped at all. If a completed investigator delivery was insufficient to establish jurisdiction in *Watchworks*, an unfulfilled, unshipped, undelivered test-buy—in which no infringing product ever crossed into Illinois—cannot establish jurisdiction now.

To hold otherwise would permit any trademark plaintiff to manufacture jurisdiction in any forum merely by directing an investigator to place an order. That result is incompatible with *Watchworks*, with *Liu*'s holding that such evidence shows only that a purchase "was possible," not that a sale "took place," and with the constitutional requirement that jurisdiction rest on the

defendant's own purposeful conduct—not the plaintiff's tactical choices. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

**4. The Exercise of Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.**

Even if Plaintiff could establish minimum contacts—which it cannot—the exercise of jurisdiction here would be constitutionally unreasonable. Where minimum contacts are asserted, courts must determine whether jurisdiction comports with "fair play and substantial justice" by evaluating five factors: "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and "the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Assuming *arguendo* that minimum contacts existed, all five *Burger King* factors weigh against jurisdiction here.

First, the burden on Defendant is substantial. Defendant is a small Chinese cross-border e-commerce operator with limited resources and limited English proficiency, located thousands of miles from this forum, with no meaningful ties to Illinois and zero completed sales of the accused product to any buyer in the United States.

Second, Illinois has no legitimate interest in adjudicating claims arising from a product that never entered the state and never reached any Illinois consumer. The sole connection to this forum was manufactured by Plaintiff's own investigator and was never fulfilled.

Third, Plaintiff's interest in convenient relief does not depend on this forum. Plaintiff may pursue its claims in any court with proper jurisdiction over Defendant.

Fourth, the interstate judicial system's interest in efficient resolution is not served by forcing litigation in a forum lacking any genuine connection to the underlying dispute.

Fifth, no shared policy interest of the states favors jurisdiction here. To the contrary, permitting jurisdiction based on an unfulfilled investigator purchase would encourage forum-shopping through manufactured contacts, undermining the jurisdictional limits that due process demands.

All *five Burger King* factors weigh against jurisdiction. The sole Illinois contact was initiated by Plaintiff's own investigator, never fulfilled, and produced no effect in the forum. Requiring Defendant — a small foreign e-commerce operator with no U.S. presence and no completed sales of the accused product in the United States — to defend this action in Illinois would offend traditional notions of fair play and substantial justice.

## CONCLUSION

For the foregoing reasons, Defendant trophydog.club respectfully requests that this Court grant this Motion and dismiss Plaintiff's Complaint as to Defendant for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), without prejudice to Plaintiff's right to pursue its claims in a forum that has proper jurisdiction, and grant such other and further relief as the Court deems just and proper.

Dated: April 9, 2026

Respectfully Submitted,


By: /s/ Roumin Xie
Roumin Xie
Yi Xu
Veritas Light Law Group, P.C.
4340 Von Karman Ave, Suite 290, Newport
Beach, CA 92660
682-200-9607
rouminxie@veritaslightlaw.com
charlesxu@veritaslightlaw.com


*Counsel for Defendant trophydog.club*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 9, 2026, a true and correct copy of the foregoing Defendant trophydog.club's Motion to Dismiss for Lack of Personal Jurisdiction was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully Submitted,

By: /s/ Roumin Xie
Roumin Xie
Veritas Light Law Group, P.C.
4340 Von Karman Ave, Suite 290
Newport Beach, CA 92660